**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 04-4724**

---

UNITED STATES OF AMERICA,

                                    Plaintiff - Appellee,

        versus

RONALD LEONARD SCALES,

                                    Defendant - Appellant.

---

Appeal from the United States District Court for the Middle District of North Carolina, at Durham.  William L. Osteen, District Judge.  (CR-03-475)

---

Submitted:  August 5, 2005          Decided:  August 17, 2005

---

Before NIEMEYER and SHEDD, Circuit Judges, and HAMILTON, Senior Circuit Judge.

---

Affirmed by unpublished per curiam opinion.

---

Louis C. Allen, III, Federal Public Defender, Gregory Davis, Assistant Federal Public Defender, Greensboro, North Carolina, for Appellant.  Anna Mills Wagoner, United States Attorney, Robert A. J. Lang, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Ronald Leonard Scales appeals his seventy-two month sentence imposed following his guilty plea to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) (2000). On appeal, Scales asserts that the district court's disregard of the federal sentencing guidelines runs afoul of our decision in United States v. Hammoud, 378 F.3d 426 (4th Cir.) (order) (recommending sentencing courts announce an alternative sentence pursuant to 18 U.S.C.A. § 3553(a), which treats the federal sentencing guidelines as advisory only), opinion issued by 381 F.3d 316 (4th Cir. 2004) (en banc), vacated, 125 S. Ct. 1051 (2005).

However, after both parties filed briefs, Hammoud was overruled by the Supreme Court's decision in United States v. Booker, 125 S. Ct. 738 (2005), which held that the mandatory manner in which the federal sentencing guidelines required courts to impose sentencing enhancements based on facts found by the court by a preponderance of the evidence violated the Sixth Amendment. Accordingly, we conclude that the district court's failure to comply with a case that has now been overruled does not constitute error on appeal, plain or otherwise.

Moreover, we note that as required under Booker, the district court treated the guidelines as advisory, and accounted for arguments that would not have been allowed under a mandatory

- 2 -

guidelines scheme.  Accordingly, we find that because the district court imposed a sentence within the now-advisory guidelines range and below the ten-year statutory maximum for the offense, the sentence was reasonable.  Cf. United States v. Hughes, 401 F.3d 540, 546-47 (4th Cir. 2005) (citing Booker, 125 S. Ct. at 764-65, 767) (noting after Booker, sentencing courts should determine the sentencing range under the guidelines, consider the other factors under § 3553(a), and impose a reasonable sentence within the statutory maximum).  We therefore affirm Scales' conviction and sentence.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED